[Cite as *Hinkle v. Ohio Dept. of Transp.*, 2011-Ohio-3874.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD A. HINKLE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02573-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} Plaintiff, Richard Hinkle, filed this action against defendant, Department of Transportation (ODOT), alleging the tire rim on his vehicle was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 77 North at the 122 mile marker. Plaintiff related he hit a hole in the road. Plaintiff recalled the described incident occurred on January 19, 2011, at approximately 1:30 p.m. In his complaint, plaintiff requested damages in the amount of $149.11, the total cost of a replacement rim. The $25.00 filing fee was paid.

{¶ 2} Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Akron and not ODOT bears the maintenance responsibility for the section of Interstate 77 where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated plaintiff "filled out a claim form for the City of Akron and he states that the incident happened on January 9, 2011 and he hit a pothole at mile marker 124." ODOT further stated, "ODOT's employee, Linda

McPherson, called Plaintiff on February 22, 2011 and he confirmed that his incident happened on January 9, 2011 at mile marker 124." Consequently, defendant contended the City of Akron is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the City of Akron.

{¶ 3} Plaintiff filed a response confirming that the date of the incident was January 9, 2011.

CONCLUSIONS OF LAW

{¶ 4} R.C. 2743.01(A) provides:

{¶ 5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 6} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 8} R.C. 5501.31 in pertinent part states:

{¶ 9} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 10} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.



# Court of Claims of Ohio

RICHARD A. HINKLE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02573-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard A. Hinkle
993 Annapolis
Akron, Ohio 44310

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
4/4
Filed 4/21/11
Sent to S.C. reporter 8/5/11